OPINION — AG — PRESENTLY, THE STATE OF OKLAHOMA POSSESSES NO JURISDICTION TO PROSECUTE CRIMES AND OFFENSES DEFINED BY THE MAJOR CRIMES ACT, COMMITTED BY INDIANS AGAINST INDIANS, UPON TRUST ALLOTMENT LANDS WITHIN THE GEOGRAPHICAL BOUNDARIES OF THE STATE OF OKLAHOMA SO DEFINED AS "INDIAN COUNTY". THIS IS NOT TO SAY, HOWEVER, THAT STATE OFFICERS ACTING SOLEY UNDER COLOR OF STATE LAW DO NOT POSSESS THE POWER TO ARREST INDIAN OFFENDERS FOR THE COMMISSION OF FEDERAL CRIMES DEFINED UNDER THE MAJOR CRIMES ACT WHEN SUCH OFFENDERS ARE FOUND WITHIN THE JURISDICTION OF THE OFFICER AND NOT ON "INDIAN COUNTY". STATE OFFICERS MAY SEEK PROSECUTION OF AN INDIAN OFFENDER BY THE U.S. ATTORNEY; SUCH PROSECUTION MUST EXCLUSIVELY BE HAD IN THE FEDERAL COURTS. HOWEVER, STATE JURISDICTION OVER CRIMES COMMITTED BY INDIANS WOULD LIE WHEN AN INDIAN TRUST ALLOTMENT CEASES TO BE LAND WITHIN THE ' INDIAN COUNTY ' BY THE EXTINGUISHMENT OF INDIAN TITLE TO SUCH LAND THROUGH TREATY OR GOVERNMENT PATENT TO INDIVIDUALS, OR THE CONVEYANCE OF SUCH LAND TO A NON INDIAN. REGARDING THE CRIMES NOT DEFINED BY THE MAJOR CRIMES ACT, OR GENERALLY, MISDEMEANOR CRIMES, IT IS CLEAR THAT JURISDICTION OVER THESE CRIMES IN CONCURRENTLY POSSESSES BY FEDERAL AND INDIAN TRIBAL COURTS. IN THE EVENT THAT NO JUDICIAL MACHINERY EXISTS UNDER TRIBAL CONSTITUTION FOR THE PROSECUTION OF MISDEMEANOR CRIMES COMMITTED UPON INDIAN COUNTY BY AN INDIAN AGAINST ANOTHER INDIAN, THE FEDERAL GOVERNMENT RETAINS JURISDICTION UNDER THE THE ASSIMILATIVE CRIMES ACT. CITE: OPINION NO. 77-180 (CATHERINE GATCHELL NAIFEH) ** SEE OPINION NO. 90-032 (1991) **